Jeremy L. Bordelon, OSB No. 160789
jeremy@evergreendisability.com
Evergreen Disability Law
465 Northeast 181st Ave., No. 500
Portland, Oregon 97230
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

LISA CRAIG,
    Plaintiff,

v.

MODA PARTNERS, INC.,

The MODA PARTNERS, INC. HEALTH AND
WELFARE BENEFITS PLAN,

and UNUM LIFE INSURANCE COMPANY
OF AMERICA,
    Defendants.

Civil No. 3:21-cv-00552

COMPLAINT FOR ERISA BENEFITS AND
BREACH OF ERISA FIDUCIARY DUTIES

Plaintiff, Lisa Craig, makes the following representations to the Court for the purpose of obtaining relief from Defendants' failure to pay benefits due under an ERISA employee benefit plan, and for Defendants' other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

### JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, the plan's mandatory appeals have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the District of Oregon pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the breach took place. Specifically, Plaintiff resided in this district at the time defendants failed to deliver benefits due to her and breached the fiduciary duties owed to her.

## PARTIES

4. Plaintiff, Lisa Craig, is currently and was at all times relevant to this case a resident of Clackamas County, Oregon.

5. Defendant Moda Partners, Inc. ("Moda") is a Delaware corporation with its principal place of business in Portland, Oregon. It is registered as a foreign corporation doing business in Oregon, and may be served through its registered agent for service of process in the State of Oregon, Corporation Service Company, 1127 Broadway Street Northeast, Suite 301, Salem, Oregon 97301.

6. Defendant The Moda Partners, Inc. Health and Welfare Benefits Plan,  ("The Plan") is an employee welfare benefits plan subject to ERISA, sponsored by Moda for the benefit of certain Moda employees. The Plan may be served by and through its Plan Administrator, Moda, at the address listed in its From 5500 filed with the U.S. Department of Labor: 601 Southwest Second Avenue, Suite 2400, Portland, Oregon 97204.

7. Defendant Unum Life Insurance Company of America ("Unum") is an insurance company headquartered in Portland, Maine, and is authorized to transact the business of insurance in the State of Oregon. Unum issued group life insurance policy number 96438-001 to Moda (under its former corporate identity as "Health Services Group"), and insures benefits due under the Plan's life insurance component. Unum may be served via its registered agent for service of process in the State of Oregon, Corporation Service Company, 1127 Broadway Street Northeast, Suite 310, Salem, Oregon 97301.

## FACTS

### Coverage and Enrollment

8. Lisa Craig was an employee of Moda from approximately February of 2013 to June 1, 2020.

9. As a Moda employee, Ms. Craig had certain benefit enrollment options available to her under the terms of the Moda Partners, Inc. Health and Welfare Benefits Plan or that Plan's predecessors.

10. One of the benefits available to Ms. Craig was dependent life insurance.

11. Employee and dependent life insurance under The Plan was insured by Unum.

12. Moda itself was responsible for managing its employees' enrollments in life insurance and dependent life insurance benefits under The Plan, including but not limited to communications describing Plan benefits and enrollment options, holding enrollment events or making enrollment options available to eligible employees, and answering any benefits-related questions raised by participating employees.

13. During the enrollment period immediately prior to January 1, 2018, Ms. Craig attempted to enroll her husband, Mark Alan Craig, for dependent life insurance coverage under the Plan in the amount of $150,000.

14. On November 6, 2017, Ms. Craig emailed Nichole Barney, a member of Moda's human resources personnel, to ask "I'm adding Life [insurance] for both myself and spouse, are there additional forms I have to complete?"

15. Ms. Craig did not receive a response from Ms. Barney or anyone else at Moda to her emailed question.

16. Ms. Craig reasonably believed that she had successfully enrolled her husband in $150,000 of dependent life insurance benefits under the Moda Plan as of January 1, 2018.

17. In late 2018, in the benefits enrollment period leading up to the 2019 calendar year of coverage, Ms. Craig attempted to increase the amount of dependent life insurance coverage she had for her husband, to $165,000.

18. Ms. Craig attempted this enrollment online, as instructed by Plan Administrator Moda, via its "Paycom" benefits enrollment website.

19. In response to her online selection of $165,000 of dependent life insurance coverage, the Paycom website showed Ms. Craig something appearing to be a confirmation page, which showed $165,000 of "coverage" and that the status of her coverage was "Guarantee Approved."

20. Ms. Craig reasonably believed that she had successfully enrolled her husband in $165,000 of dependent life insurance benefits under The Plan as of January 1, 2019.

21. On October 22, 2019, Ms. Craig attempted to confirm the status of her dependent life insurance under The Plan by emailing Nichole Barney again and stating the following:

> "I hope you're the correct person to reach out to regarding Voluntary Life Insurance, if not please let me know who to contact. I have selected Voluntary Life for myself as well as my husband for a couple of years. When I look at my benefits in Paycom I see 2 different coverage level's for my Husband. $165,000.00 which is what I selected and then $25,000.00. Can you please confirm which dollar amount is correct?"

22. Ms. Craig did not receive a response to this email from Nichole Barney or anyone else on behalf of Moda.

23. Ms. Craig reasonably relied on the belief that she had procured $165,000 of life insurance for her husband in not seeking alternate sources of life insurance for him on the private market.

24. Ms. Craig and her husband could have obtained life insurance of at least $165,000 on the individual life insurance market, had they known that such coverage was not in place via the Moda Plan.

### The Claim

25. Plaintiff's husband, Mark Alan Craig, died on November 29, 2019.

26. In January of 2020, Ms. Craig filed a timely claim for dependent life insurance benefits with Unum.

27. By letter dated February 26, 2020, Unum stated it had approved Ms. Craig's life insurance claim in the amount of $25,000.

28. By letter dated April 24, 2020, Ms. Craig appealed Unum's determination that she was only entitled to $25,000 of dependent life insurance benefits, and explained that she had actually enrolled for $165,000 of coverage.

29. By letter dated July 9, 2020, Ms. Craig submitted additional evidence and arguments to Unum, indicating her understanding that this claim had been partially denied based on the lack of an "evidence of insurability" form at the time Ms. Craig attempted to enroll in higher benefits for her husband.

30. With her additional evidence and argument letter, Ms. Craig submitted to Unum proof that she had asked the plan administrator about "additional forms" at the time of enrollment, and had not received any answer to her question.

31. By letter dated July 28, 2020, Unum denied Ms. Craig's appeal.

32. Unum's appeal denial letter stated that Moda's "Paycom" benefits enrollment system would have informed her at the time of enrollment that an "evidence of insurability" form would be required to elect more than the "guaranteed amount" of $25,000.

33. Unum's appeal denial letter stated that such evidence of insurance is required before amounts higher than $25,000 will be issued, and that because Ms. Craig did not do so, her claim for payment of the full $165,000 was denied.

34. Unum's appeal denial letter did not describe any further administrative appeal requirements.

35. Unum's appeal denial letter stated that Ms. Craig had "a right to bring a civil suit under section 502(a) of the Employee Retirement Income Security Act of 1974" if she disagreed with Unum's denial decision.

36. Ms. Craig exhausted all administrative remedies available to her on her claim for benefits with Unum.

37. In addition to writing to Unum, Ms. Craig also wrote to Moda on November 6, 2020 and asked that it take responsibility for its failure to properly advise her on how to enroll in these dependent life insurance benefits, and asked that Moda pay the additional $140,000 of life insurance itself.

38. Moda made no response to Ms. Craig's November 6, 2020 letter.

39. Any administrative remedies available to Ms. Craig regarding claims made herein against Moda are either exhausted or should be excused due to futility.

## Terms of the Plan

40. Unum life insurance policy number 96438-001 ("the policy"), under which Moda employee and employee dependent life insurance is insured under The Plan, states that evidence of insurability is required for dependent life insurance in excess of $25,000.

41. The policy also states that "Evidence of insurability will be at Unum's expense."

42. In addition to the policy, Moda issued a benefits booklet to employees to assist them in understanding their benefits options.

43. Under the heading "voluntary life insurance," Moda's benefits booklet states that "You can also purchase spouse and dependent [life insurance] coverage.... This benefit is provided by UNUM and **may require medical underwriting.**" (emphasis added).

44. At no point did Moda or Unum ever specifically ask Ms. Craig for an evidence of insurability form, either during the enrollment process or after her enrollment elections were made.

45. Ms. Craig specifically asked Nichole Barney, a member of Moda's human resources team responsible for benefits, if any "additional forms" were needed to complete her life insurance enrollment, and got no response.

### FIRST CAUSE OF ACTION
### FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)
### AGAINST DEFENDANTS UNUM LIFE, THE MODA HEALTH AND WELFARE BENEFITS PLAN

46. Under the terms of the Plan, Defendants agreed to provide Plaintiff with dependent life insurance at an amount elected by her.

47. Plaintiff elected $165,000 of dependent life insurance to cover her husband, as of January 1, 2019.

48. Plaintiff used the means identified by the plan administrator, Moda, to make her benefits elections; namely, the "Paycom" benefits enrollment website.

49. The Paycom benefits enrollment website showed Ms. Craig a confirmation screen which reasonably indicated to her that she had successfully enrolled in $165,000 of dependent life insurance benefits.

50. While the Unum life insurance policy insuring the Plan does state that evidence of insurability would be required to enroll in amounts greater than $25,000, Moda's benefits booklet only states that medical underwriting "may" be required.

51. The Unum life insurance policy also states that evidence of insurability will be "at Unum's expense," which places the burden on Unum to request this information or examination.

52. Unum did not ask Plaintiff for evidence of insurability at the time she attempted to enroll her husband for $150,000 (as of 1/1/2018) or $165,000 (as of 1/1/2019) of life insurance benefits.

53. Neither Unum nor Moda supplied Plaintiff with any evidence of insurability form.

54. Prior to enrolling her husband for $150,000 of life insurance in late 2017, Plaintiff specifically asked a representative of Moda, as plan administrator, whether any additional forms would be required to complete her enrollment.

55. Plaintiff made this request in a reasonable manner (by email) to a reasonable person, namely Nichole Barney, a "Senior HR Generalist" with Moda.

56. Neither Ms. Barney nor any other representative of Moda ever answered Plaintiff's request for information.

57. As a result of Unum's failure to affirmatively request evidence of insurability from Plaintiff after her attempted enrollment, and its failure to supply her with an evidence of insurability form, Unum has waived the policy's evidence of insurability requirement.

58. By failing to respond to Plaintiff's request for information, Moda, as plan administrator on behalf of the Plan, has also waived any evidence of insurability requirement contained in the Plan.

59. As evidenced by Unum's payment of the $25,000 "guaranteed issue" amount, Plaintiff has met all requirements under the terms of the Plan other than evidence of insurability for payment of a dependent life insurance claim for the death of her husband, Mark Craig.

60. Because the evidence of insurability requirement was waived, Defendants have failed to provide benefits due under the terms of the Plan and these denials of benefits to Plaintiff constitute breaches of the Plan.

61. The decisions to deny these benefits were wrong under the terms of the Plan.

62. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

63. The decisions to deny benefits were not supported by substantial evidence in the record.

64. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for the death of Plaintiff's husband, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled under the Plan - specifically, $140,000 in unpaid dependent life insurance benefits, interest on these unpaid funds, and attorney's fees.

**SECOND CAUSE OF ACTION**
**FOR BREACH OF ERISA FIDUCIARY DUTIES PURSUANT TO 29 U.S.C. § 1132(a)(3)**
**AGAINST DEFENDANT MODA PARTNERS, INC.**

65. The ERISA statute, at 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought by a plan participant or beneficiary to obtain appropriate equitable relief to redress violations of ERISA.

66. Plaintiff was a participant in the Plan, which is an ERISA plan.

67. Defendant Moda is the plan administrator of the Plan.

68. Defendant Moda is a fiduciary for the Plan.

69. Moda performs fiduciary acts when it conveys or fails to convey information about benefits to the Plan's participants.

70. Moda owes fiduciary duties to Plan participants, including Plaintiff.

71. The fiduciary duties which Moda owe to Plaintiff include the common law duty of loyalty, which requires fiduciaries to deal fairly and honestly with beneficiaries.

72. Moda also owed Plaintiff a duty to convey complete, thorough, and accurate information that was material to her circumstances.

73. Plaintiff clearly conveyed questions to Moda as a fiduciary, asking about any "additional forms" which would include evidence of insurability forms, required to perfect her enrollment in dependent life insurance benefits.

74. Moda, as plan administrator and fiduciary, failed to respond to that request for information.

75. Plaintiff inquired a second time about the status of her dependent life insurance coverage prior to her husband's death.

76. Moda, as plan administrator and fiduciary, failed to respond to that request for information.

77. Moda knew or should have known that Plaintiff did not understand all of the plan provisions which would affect her claim for life insurance benefits.

78. Moda allowed its benefits plan documents to conflict one another, in that the benefits booklet supplied to participants stated that medical underwriting "may" be required, but the underlying Unum insurance policy stated that evidence of insurability would always be required for certain amounts.

79. Moda was also responsible for inaccurate information displayed in its Paycom benefits enrollment system, namely an apparent confirmation screen showing that Plaintiff had successfully enrolled for $165,000 of dependent life insurance benefits.

80. Plaintiff relied to her detriment on the inaccurate or incomplete information provided to her by Moda as a fiduciary.

81. By failing to respond to Plaintiff's request for information, Moda breached its fiduciary duties to Plaintiff.

82. By failing to ensure the Plan documents conveyed accurate information, Moda breached its fiduciary duties to Plaintiff.

83. By failing to ensure its Paycom benefits enrollment system conveyed accurate information, Moda breached its fiduciary duties to Plaintiff.

84. As a result of Moda's breaches of its fiduciary duties, Plaintiff was harmed in the amount of benefits she would have received in dependent life insurance benefits under the Plan for the death of her husband - specifically, $140,000 in unpaid dependent life insurance benefits, interest on these unpaid funds, and attorney's fees.

///

///

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

85. A finding in favor of Plaintiff against the Defendants Unum Life and the Moda Partners, Inc. Health and Welfare Benefits Plan;

86. Damages in the amount equal to the unpaid dependent life insurance benefits to which she was entitled, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

87. Prejudgment and postjudgment interest;

88. Plaintiff's reasonable attorney fees and costs; and

89. Such other relief as this court deems just and proper.

**On Plaintiff's Second Cause of Action:**

90. A finding in favor of Plaintiff against Defendant Moda Partners, Inc., as plan administrator for and fiduciary of the Plan;

91. Equitable remedies in the form of surcharge, for the amount of unpaid dependent life insurance benefits in which she attempted to enroll, and in which she would have successfully enrolled if Moda had not breached its fiduciary duties to her;

92. Prejudgment and postjudgment interest;

93. Plaintiff's reasonable attorney fees and costs; and

94. Such other relief as this court deems just and proper.

Dated this 13th day of April, 2021.

        Respectfully submitted,

        BY:    *s/Jeremy L. Bordelon*
                Jeremy L. Bordelon, OSB No. 160789